UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

**CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF**

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:

*Hebert, et al. v. Comair*, et al., No. 5:07-CV-320

**OPINION AND ORDER**

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Comair's motion for reconsideration of the June 6, 2008 Opinion and Order denying partial summary judgment on all Plaintiffs' claims for punitive damages [DE 3478]. Having been fully briefed, this motion is ripe for consideration.

**I.   BACKGROUND**

On the original deadline for dispositive motions in May 2008, Comair moved for partial summary judgment on Plaintiffs' claims for punitive damages. [DE 2123]. Its argument was based on the limitations in KRS 411.184(3) on imposition of punitive damages against a principal or an employer for vicarious liability. Responsive briefs were filed by the Plaintiffs' Steering Committee and by several individual Plaintiffs. Following Comair's reply and the Court's thorough review of all of the briefs, the Court denied Comair's motion by Opinion and Order dated June 6, 2008. *In re Air Crash at Lexington, Kentucky, August 27, 2006,* 2008 WL 2369785 (E.D. Ky. 2008).

The June 6, 2008 Opinion cited a number of recent Kentucky cases in which corporations have been held liable for punitive damages as a result of gross negligence by the corporation itself. Additionally, the Opinion said: "Kentucky's wrongful death statute, KRS 411.130(1), expressly authorizes punitive damages against a principal for the gross negligence of its agents or servants." *Id.* at *4. The Opinion referenced *Louisville & N. R. Co. v. Kelly's Adm'x*, 19 Ky.L.Rptr. 69, 38 S.W.

852 (1897), in which the wrongful death statute was interpreted as declaring "the meaning of the constitutional provision," and "damages" in Constitution Section 241 was interpreted broadly "to include both compensatory and exemplary damages." *Id* at *5. Accordingly, a legislative attempt to abolish punitive damages for wrongful death would be ineffective as to damages authorized by Section 241. *Id.* at *6. With respect to any conflict between the wrongful death statute and the punitive damages statute, this Court held that the specific wrongful death statute prevailed over the general punitive damages statute. *Id.* Lastly, this Court held that there was sufficient evidence to raise a jury question under these theories and the theory that Comair should have reasonably anticipated the conduct of the pilots so as to be held liable under KRS 411.184(3). *Id.* at *7.

Comair now moves for reconsideration of the June 6, 2008 Opinion, arguing that the Court did not consider comments by the delegates to the 1890 Constitutional Convention that the legislature would decide the circumstances under which punitive damages were recoverable and did not consider the interpretation of Section 241 in *Clark's Adm'x v. Louisville & Nashville R.R. Co.*, 101 Ky. 34, 39 S.W. 840 (1897). Comair argues that consideration should be given to the debates and to the comments of Justice Cooper in his concurring opinion in *Phelps v. Louisville Water Co.*, 103 S.W.3d 46 (Ky. 2003) "that the legislature would determine if and under what circumstances punitive damages would be available in a wrongful death case." [DE 3478, p. 7; DE 3532, pp. 5-6]. Comair insists that the punitive damages statute "does not negate any right of recovery for punitive damages," nor does it conflict with the wrongful death statute. [DE 3478, p. 5]. Instead, it argues that the legislature merely set "a standard for awarding punitive damages against an employer at trial." [DE 3532, p. 7].

Alternatively, Comair argues that, if the wrongful death statute and the punitive damages statutes conflict, the Court clearly erred in holding that the wrongful death statute prevails. Comair contends that the newer, punitive damage statute repeals "by implication" the older wrongful death

2

statute. [DE 3478, p. 4]. It also argues that the punitive damage statute should be presumed to make no exception, and that the legislature is presumed to know the law.

Finally, Comair contends that federal law preempts the standard governing flight safety and pilot safety training requirements, that a violation of a federal air safety requirement is necessary to impose liability against Comair, and that Plaintiffs have failed to produce evidence of such violation. This theory of preemption precluding punitive damages was not raised before in the two-and-one-half years the litigation has been pending.

Plaintiffs respond that Comair has not attempted to show any intervening change of controlling law or new evidence in support of the motion, that there is no error at all in the Court's interpretation that punitive damages may be imposed on an employer through vicarious liability, despite KRS 411.184(3), and that Comair's new claim of preemption of punitive damages is too late and is without merit. [DE 3521]. They note that much of Comair's motion to reconsider is merely a rehash of its summary judgment motion, including references to the constitutional debates. They note the Court's decision is supported by decisions of the Kentucky courts and that Comair's reliance on repeal by implication is undermined by the very authority Comair cites. Plaintiffs further note that Comair fails to demonstrate any irreconcilable conflict between federal standards of care and Kentucky standards such that any reliance on state law must fail. Plaintiffs also cite extensive case law demonstrating that specific violations of federal regulations are not required to impose liability.

## II.     ANALYSIS

### A.     Standard for Motion for Reconsideration

The Federal Rules of Civil Procedure do not explicitly address reconsideration of interlocutory orders. The Sixth Circuit recognized, however, that a district court may reconsider an interlocutory order under common law and Fed. R. Civ. P. 54(b). *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). "Traditionally courts will find

3

justification for reconsidering interlocutory orders when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citing *Reich v. Hall Holding Co.,* 990 F. Supp. 955, 965 (N. D. Ohio 1998)). *See also United States v. Lexington-Fayette Urban Co. Government*, 2008 WL 4490200, *1 (E.D. Ky. 2008); *Edmonds v. Rees*, 2008 WL 3820432, *2 (W.D. Ky. 2008); *Owensboro Grain Co., LLC v. AUI Contracting, LLC*, 2009 WL 650456, *2 (W.D. Ky. 2009).

### B. Comair's Clear Error Argument

Comair does not assert any change in the controlling law or new evidence. It relies, instead, on a claim of "clear error." [DE 3532]. This Court agrees with Plaintiffs that Comair's clear error claim is primarily a rehash of its prior arguments in support of the applicability of KRS 411.184(3). This Court carefully considered all of Comair's arguments a year ago and rejected them for the reasons set forth in its Opinion.

The fact that the Court did not specifically distinguish each of Comair's arguments does not constitute clear error. For example, it was not necessary for the Court to state that it regarded the interpretation of the Constitution by the state's highest court to be more authoritative than a comment by one of the participants in the constitutional debates.

Comair relies on a concurring opinion by Justice Cooper in *Phelps v. Louisville Water Co.*, 103 S.W.3d 46 (Ky. 2003). [DE 3478, p. 7; DE 3532, p. 5]. First, Justice Cooper did not concur in *Phelps*. Justice Johnstone's concurrence in *Phelps* references a concurrence by Justice Cooper in *Robertson v. Vinson*, 58 S.W.3d 432, 435 (2001), which acknowledges the Constitutional language that "[t]he General Assembly may provide how the recovery shall go and to whom belong...." Kentucky Constitution § 241. Justice Cooper's *Vinson* concurrence continues: "In enacting KRS 411.230(2), the General Assembly has complied with that mandate. The only persons 'legally entitled to recover' damages for wrongful death ... are those persons listed in KRS 411.130(2)."

Second, Comair's argument, based on *Clark's Adm'x v. Louisville & Nashville R.R. Co*., 101 Ky. 34, 39 S.W. 840 (1897), that the legislature is free to determine and to change the standards for an award of punitive damages is completely undermined by *Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998), in which the Supreme Court of Kentucky held that the punitive damages statute's requirement of "a subjective awareness that such conduct will result in human death or bodily harm" violated several sections of the Kentucky Constitution, including Section 241, by precluding recovery for gross negligence. Comair's argument that the legislature is authorized to establish standards is based on the language used by Justice Cooper in his **dissent** in *Williams*. The majority of the Supreme Court of Kentucky disagreed with Justice Cooper. The *Williams* majority opinion is still the law in Kentucky

Comair's reliance on *Jackson v. Tullar*, ___ S.W.3d ___, 2007 WL 1574567 (Ky. Ct. App. 2007), for the proposition that the legislature can completely abolish punitive damages is also misplaced. *Jackson* is not a wrongful death case at all. Comair's claim that *Sand Hill Energy, Inc. v. Smith*, 142 S.W.3d 153 (Ky. 2004), "directed the use of the standards set forth in KRS 411.184 for purposes of jury instructions in wrongful death actions" is highly misleading. The court simply stated that, because "neither party made any challenge to those portions of the statute, the jury's determination that Ford's conduct authorized an award of punitive damages stands; it is the law of the case." *Id.* at 165.

Comair argues that the later punitive damage statute should repeal the earlier wrongful death statute by implication. Comair relies on *Dreidel v. City of Louisville*, 105 S.W.2d 807 (Ky. 1937) for the proposition that repeals by implication are disfavored but may be effective when made "so clear as to be equivalent to an explicit declaration to that effect." *Id.* at 809. It would make no difference, however, if legislative intent to repeal all former statutes is explicitly declared in the punitive damages statute, because a constitutional right is involved. *See Williams*. Additionally, the two statutes can be reconciled. The punitive damages statute applies to all cases other than

5

wrongful death. The wrongful death statute and Kentucky Constitution § 241 apply to wrongful death cases.

For all of these reasons, this Court concludes that its Opinion of June 6, 2008 correctly determines that the requirements of KRS 411.184(3) do not apply in this case.

### C. Comair's Preemption of Punitive Damages Argument

Comair contends that it raised the issue of preemption and a federal standard of care from the outset of this case. [DE 3478, p. 10]. It is true that Comair's answers asserted preemption as a defense and that Comair argued in 2007 that state law causes of action and state tort remedies were preempted such that the state cases were all removable. *In re Air Crash at Lexington, Kentucky, August 27, 2006*, 486 F. Supp.2d 640, 647 (E.D. Ky. 2007). This Court held that preemption did not confer federal court jurisdiction over the Plaintiffs' state law claims. *Id.* Because there was no subject matter jurisdiction, this Court had no authority to address the question of whether "there is ordinary preemption of state substantive law on the duty of care owed by an air carrier in a wrongful death case." *Id.*

In deciding the motion to remand, this Court held that there was no "complete preemption" of state substantive law. *Id.* at 650-53. The question remaining is whether there is preemption of the "ordinary" or "conflict" variety. *Id.* at 646-47. Comair states: "the specific remedy in dispute is Plaintiffs' claim for punitive damages." [DE 3478, p. 11].

Comair argues at length various comments by legislators as part of the history of enactment of the 1926 Air Commerce Act and the Federal Aviation Act of 1958. It also relies on *City of Burbank v. Lockheed Air Terminal, Inc.*, 411 U.S. 624 (1973), *Witty v. Delta Air Lines*, 366 F.3d 380 (5th Cir. 2004), *Abdullah v. American Airlines, Inc.*, 181 F.3d 363 (3d Cir. 1999), and *Greene v. B. F. Goodrich Avionics Systems, Inc.*, 409 F.3d 784 (6th Cir. 2005). Particularly relevant is the holding in *Greene*:

> We agree with the Third Circuit's reasoning in *Abdullah* that federal law establishes the standards of care in the field of aviation safety and thus preempts the field from state regulation.

*Greene*, 409 F3d at 795.  While *Greene* was not a case involving an air carrier, *Abdullah* did involve action against a carrier by passengers injured during flight.  Accordingly, it is the opinion of this Court that *Greene* is applicable here.

It is important to note, however, *Abdullah* held that "state law remedies or causes of action remain available, despite ordinary preemption of the standard of care." *Abdullah*, 181 F.3d at 368. In *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238 (1984), the defendant argued that the Nuclear Regulatory Commission's exclusive authority to regulate safety matters precluded state law punitive damages as a remedy.  The court rejected that argument as follows: "Punitive damages have long been a part of traditional state tort law.  As we noted above, Congress assumed that traditional principles of state tort law would apply with full force unless they were expressly supplanted." *Id.* at 255.  The burden is on Comair to show that such awards are precluded. *Id.*  Comair has failed to show that state law remedies were expressly supplanted. *See also In re Air Crash at Charlotte, North Carolina on July 2, 1994*, 982 F. Supp. 1056 (D. S.C. 1996)(Court rejects argument that punitive damages are preempted by the FAA regulatory scheme); *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 190 (4th Cir. 1982)(Jury instructed on punitive damages where record revealed "a shocking lack of attentiveness" and "inattentiveness and carelessness of a truly extraordinary nature" by the pilots).

Comair next argues that Plaintiffs have failed to present any evidence of a violation of a federal standard of care.  In support, it cites to the Court's limited discussion in the June 6, 2008 Opinion of some of the evidence and claims there is no showing of a violation of a "federally mandated" requirement. [DE 3478, p. 20].  Comair relies on *Witty v. Delta Air Lines, Inc.*, 366 F.3d 380 (5th Cir. 2004), for the proposition that any state remedy "must be based on a violation of federally mandated" requirements.  *Witty* involved a passenger who claimed the airline was

7

negligent for its failure to warn about the risks of deep vein thrombosis. *Witty* is readily distinguishable because that court held: "federal regulatory requirements for passenger safety warnings and instructions are exclusive and preempt all state standards and requirements. Congress enacted a pervasive regulatory scheme covering air safety concerns that includes regulation of the warnings and instructions that must be given airline passengers." *Witty*, 366 F.3d at 385. Any standard that did not involve a violation of those regulations would "necessarily conflict with the federal regulations." *Id.*

The *Witty* court also expressed its "intent to decide this case narrowly," and did not "express an opinion as to whether emergency or unplanned situations on flights can form the basis of a state failure to warn claim that is not preempted." *Id.* at 385-386. Comair's effort to apply the holding much more broadly is not supported by the facts or the court's opinion. *See also Monroe v. Cessna Aircraft Co.*, 417 S. Supp.2d 824 (E.D. Tex. 2006) ("*Witty* is a narrow opinion that only applies to warnings given to passengers on commercial airliners. The Fifth Circuit repeatedly limited its holding to the specific facts and 'precise' issues before the court.").

In contrast to *Witty*, Comair has not shown that any Kentucky standard of the duty of care would necessarily conflict with federal law regarding an air carrier's safe operation of an aircraft. "[T]he duty of an air carrier [is] to provide service with the highest possible degree of safety in the public interest." 49 U.S.C. § 44701(d)(1)(A) and 49 U.S.C. § 44702(b)(1)(A). Consistent with that duty is one regulation applicable to pilots: "No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another." 14 C.F.R. § 91.13(a). Unlike the exclusive regulations regarding warnings and instructions in *Witty*, this general standard could be violated in a number of ways, whether or not there is a specific regulation addressing the conduct.

In *Abdullah*, the district court held that evidence on the standard of care for an airline should have been limited to "federally established standards of care" and that a new trial was required.

8

The Third Circuit disagreed, noting the "overarching general standard of care" in the regulation and concluding that evidence of a "reasonable standard of care" should not have been excluded so long as that reasonable standard "is compatible with an avoidance of carelessness or recklessness in the operation of the aircraft." *Abdullah*, 181 F.3d at 365. A new trial would be warranted only if the standards were inconsistent. *Id.*

Plaintiffs acknowledge that "federal law provides specific minimum safety standards that airlines and other aviation industry members must follow." [DE 3521, p. 16]. Plaintiffs point to evidence of violation of several regulations in this case. For example, 14 C.F.R. § 91.123(a) prohibits a pilot in command from deviating from an Air Traffic Control ["ATC"] clearance unless an amended clearance is obtained. Likewise, 14 C.F.R. § 91.123(b) prohibits operation of an aircraft contrary to an ATC instruction in an area where air traffic control is exercised. It is undisputed in this case that the pilots were cleared to take off from Runway 22, but they attempted to take off from Runway 26 instead. The conversations between the pilots while taxiing are examples of undisputed violations of the sterile cockpit rule in 14 C.F.R. § 121.542. Comair's claim there is no evidence to support punitive damages is without merit.

In addition to violations of federal regulations, Plaintiffs note a long-standing practice of establishing negligence or gross negligence in aviation tort trials without any requirement of proof of violation of federal regulations. *In re Air Crash Disaster at John F. Kennedy International Airport*, 635 F.2d 67 (2d Cir. 1980), involved a crash caused in part by pilot error. While some of the negligence was shown by violation of federal aviation regulations, other evidence of negligence was also appropriate. For example, the court gave a jury instruction based on *res ipsa loquitur* under New York law . *Id.* at 77. It also rejected the airlines' argument that FAA Advisory Circulars do not set standards of conduct.

> The relevance of the (AC's) to the (issue) of the defendant's negligence ... is manifest. Evidence of custom within a particular industry, group, or organization is admissible as bearing on the standard of care in determining negligence. Compliance or noncompliance with such custom, though not conclusive on the

9

> issue of negligence, is one of the factors the trier of fact may consider in applying the standard of care.

*Id.* (quoting *Muncie Aviation Corp v. Party Doll Fleet, Inc.*, 519 F.2d 1178, 1180-81 (5th Cir. 1975). "The advisory material was admissible to aid the jury in formulating a standard of care, and the Judge properly charged the jury regarding these circulars and that standard." *Id.*

Similarly, other evidence of particular industry standards, whether state or federal, would not be precluded unless there is a conflict with the federal minimum standards of care. Comair has not shown that Kentucky punitive damage law is being used to punish Comair under state law for conduct required by federal regulations or for failing to do anything the FAA considered but rejected as unsafe. No attempt is being made to extract money from Comair for compliance with federal law or to question federal decisions. As the court said in *Silkwood,* "preemption should not be judged on the basis that the federal government has so completely occupied the field of safety that state remedies are foreclosed, but on whether there is an irreconcilable conflict between the federal and state standards or whether the imposition of a state standard in a damages action would frustrate the objectives of the federal law. We perceive no such conflict or frustration in the circumstances of this case." *Silkwood*, 464 U.S. at 256.

Comair asserts in a conclusory fashion that the Kentucky standard for common carriers imposing a duty to exercise the "highest degree of care for a passenger's safety" is not consistent with the FAA standard of a duty to exercise the "highest possible degree of safety." [DE 3532, p. 11]. Comair fails to articulate any inconsistency, however.

As the Court noted in its June 6, 2008 Opinion, "Plaintiffs offer several expert witnesses who give examples of Comair practices that reflected a reckless disregard for safety." *In re Air Crash at Lexington, Kentucky, August 27, 2006*, 2008 WL 2369785 at *8 (E.D. Ky. 2008). It is the Opinion of this Court the evidence is sufficient to present a jury question regarding punitive damages. Accordingly, the motion to reconsider punitive damages will be denied.

### III.     CONCLUSION

**IT IS ORDERED** that Comair's motion for reconsideration of the June 6, 2008 Opinion denying partial summary judgment on plaintiffs' claims for punitive damages [DE 3478} is **DENIED**.

This May 28, 2009.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge