UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

**CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF**

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:

*Hebert, et al. v. Comair*, et al., No. 5:07-CV-320

**OPINION AND ORDER**

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Comair's motion to seal documents filed with the Clerk of the Court [DE 3486] as attachments to Plaintiffs' motion for partial summary judgment, and Comair's motion to amend the January 22, 2007 Protective Order [DE 3527]. Having been briefed, these motions are ripe for consideration.

**I.   BACKGROUND**

Plaintiffs filed a motion for partial summary judgment seeking a determination, in part, that Comair's pilots were negligent, that the negligence was a substantial factor in causing the crash of Flight 5191, and that Comair is vicariously liable for the negligence of its pilots. [DE 3475]. In support of their Memorandum, Plaintiffs attached a number of excerpts from litigation depositions, primarily of Comair personnel. [DE 3477-2].

A few days later, Comair filed a motion to seal the Memorandum and exhibits. [DE 3486]. The motion said Plaintiffs' counsel requested the designations for portions of deposition transcripts that should be confidential, and Comair responded by letter that "all deposition transcripts, in their entirety, are confidential" under the court's January 22, 2007, Protective Order and an "understanding with all parties." *Id.*, Ex. 1.  A few months earlier, Comair had reminded Plaintiffs' counsel of Paragraph 1.5 of the Protective Order and said it made a practice of treating damage

depositions as confidential and requested the same treatment regarding depositions of care team members. *Id.*, Ex. 2. Comair takes the position now that Plaintiffs' Memorandum and exhibits should have been filed under seal "in accordance with paragraph 4.2 of the Protective Order."

Plaintiffs note in their response that judicial records "are presumptively open to the public." [DE 3487]. They quote Paragraph 1.5 of the Protective Order in full:

> **1.5 Deposition Transcripts**. Within ten (10) days after the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as CONFIDENTIAL INFORMATION by page and line number. Until such time has elapsed, deposition transcripts in their entirety are to be considered as CONFIDENTIAL INFORMATION. All parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing CONFIDENTIAL INFORMATION. No objection shall be interposed at deposition that an answer would elicit CONFIDENTIAL INFORMATION.

Plaintiffs' position is that Comair's failure to designate portions of the deposition as confidential within ten days of receiving the transcript, as required in the Protective Order, means the transcript is "not" confidential. Accordingly, excerpts need not be placed under seal.

Plaintiffs further respond that the excerpts they attached did not contain trade secrets or other confidential information. Instead, they "relate to the rules broken by Comair's pilots that were substantial factors in causing the crash of flight 5191." [DE 3487, pp. 3-4]. Plaintiffs state that the Plaintiffs' Steering Committee and the United States confirmed there was no "understanding" among the parties that all depositions would be confidential. They also claim no "understanding" could be effective without Court approval and a modification of the Protective Order.

Comair replied [DE 3526] and filed an alternative motion to "clarify, modify or amend" the Protective Order [DE 3527]. It insists that all of the testimony or documents attached by Plaintiffs constitute "trade secrets, proprietary and other confidential information." It relies on the definition of trade secret in Kentucky's Uniform Trade Secrets Act and the power of the Court to maintain the confidentiality of trade secrets. In support, Comair cites the decision in *Republic Services, Inc. v. Liberty Mutual Ins. Co.,* 2006 WL 1635655 (E. D. Ky. 2006), in which a protective order was granted regarding Liberty's claims handling and training materials.

Comair argues that it is, likewise, entitled to protection for "all deposition transcripts and briefs referencing same." [DE 3526, p. 5]. It notes the depositions contain many questions about "Comair manuals, policies, procedures and training materials"; "Comair's corporate audit documents"; "Comair corporate safety materials, including presentations, programs, reports, memoranda, meeting minutes, and agendas Comair created regarding safety issues, compliance matters, incident rates, and trend analysis"; "Comair's corporate culture and philosophy"; "documents and personal information regarding ASAP documents"; and "records and personal information of the Flight 5191 passengers and crew." *Id.* at 5-9. Comair specifically mentions some effort to maintain the confidentiality of its "manuals" and the "ASAP documents." *Id.* at 5, 7-8, Otherwise, it merely recites in a conclusory fashion that each category of information satisfies the legal requirements for trade secret information.

Comair next argues that the parties have consistently filed many documents under seal during the course of the litigation, and that it "would have taken an enormous amount of time and resources for the parties to go line-by-line after each and every deposition taken in this case to designate portions of literally hundreds of thousands of pages of documents and transcripts confidential." *Id.* at 9. It argues that Plaintiffs' objection to confidential designations is untimely and that they have waived objections to confidentiality.

Alternatively, Comair asserts that the "course of dealing" among the parties reflects an agreement regarding confidentiality of documents, to which Plaintiffs have now objected, and that Comair is entitled to a Protective Order to designate all deposition transcripts as confidential. Relying again on *Republic*, Comair argues it has shown good cause for a protective order in that disclosure of deposition excerpts would "undermine its position in the marketplace" and that "the current world environment" requires that airline manuals and airline operating procedures be confidential. *Id.* at 12-13. It further claims that personal information regarding the pilots and their family members should be confidential "to protect their privacy and to prevent harassment." It

3

states the public's interest in the materials "is minimal at best." *Id.* at 13. Comair argues that "Plaintiff's sole purpose for lifting Comair's designation is to embarrass, annoy, and harass Comair." *Id.* at 14.

Plaintiffs respond to Comair's motion by noting "at least 27 examples of filings by the parties in this litigation, including Comair, which are part of the public record and have deposition excerpts attached as exhibits." [DE 3556, p. 1]. Plaintiffs rely on the presumption of public access articulated in *Brown & Williamson* and argue that "Comair's attempt to hush all of the deposition testimony in this case in one fell swoop by falsely claiming it is filled with trade secrets makes the most compelling case for *not* changing the Protective Order in any respect, and applying it as written to Comair." *Id.* at 3.

Plaintiffs also contend that any agreement to designate all depositions as confidential violates Paragraphs 1.1 and 1.5 of the Protective Order. Paragraph 1.1 requires a "good faith belief" of a legal entitlement to protection. Paragraph 1.5 requires designation of deposition transcripts "by page and line number" within ten days of receipt. Plaintiffs argue that this mechanism to protect confidential information could not be invoked in good faith to designate all transcripts as confidential. Additionally, Comair did not comply with the time requirements for designations. When there have been no designations pursuant to Paragraph 1.5, Plaintiffs claim there is no basis for any objection under Paragraph 2.

Plaintiffs state that allowing Comair to go back now and designate specific portions of transcripts would create confusion and "create significantly more work for the plaintiffs and the Court," particularly in light of Comair's pattern of over-designating. [DE 3556, p. 7]. Accordingly, they say Comair's motion should be denied.

Alternatively, Plaintiffs suggest allowing a limited period of time for Comair to designate portions of depositions as confidential by page and line number and imposing severe sanctions for over-designation. Comair should also be responsible for determining what portions of depositions

are already in the public court record. In response to Comair's claim that designations would be too burdensome at this stage of the litigation, Plaintiffs note "this is a problem of Comair's own making by not following the Court's procedure in the first place." *Id.* at 8.

Regarding Comair's motion to amend the Protective Order to conform to the alleged "course of dealing" and permit all deposition testimony to be designated as confidential, Plaintiffs rely on Rule 26, common law, and *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999), in which the court held that any request to seal the record must be carefully reviewed for good cause by the judge, and that authority could not be delegated to the parties. Plaintiffs assert that the existing Protective Order respects the public's right of access, the common law, and the principles underlying Rule 26 and should not be changed.

Plaintiffs distinguish *Republic Services* where the specific materials were among the company's "most valuable competitive assets" and were "at the very core of its strategies in competitively conducting its business." [DE 3556, p. 11]. By contrast, Plaintiffs say airlines compete on "rates, routes and services" pursuant to the Airline Deregulation Act of 1978 and that there is nothing "legitimately secret about safety information." Plaintiffs note that airlines are required to share with their competitors performance information about former pilots. *Id.* at 12.

Plaintiffs reject Comair's claim that most of the depositions involved questioning about documents and information produced pursuant to the Protective Order. Plaintiffs first note that "the vast majority of the deposition testimony does not deal with direct questioning about such documents." *Id.* Second, Plaintiffs note that "Comair has designated every document it has produced in this litigation as confidential, all roughly 190,000 pages of them. This constitutes a grossly abusive discovery practice and disregard of both the letter and spirit of the Protective Order." *Id.* at 13, n. 28. Plaintiffs reiterate objections to this broad designation of documents. Plaintiffs further note that Comair never identifies any specific deposition testimony that makes reference to any "trade secret" contained in the documents. *Id.* at 14. Additionally, Comair has not

5

shown that any trade secret was mentioned in any of the deposition excerpts that Plaintiffs attached to their motion for partial summary judgment. *Id.*

Finally, Plaintiffs emphasize that the "public has a significant interest in aviation safety" and that "Comair has a responsibility to promote the public interest in air safety." *Id.* They claim this is a classic example of a company attempting to protect its reputation by shielding prejudicial information in court records from the public. *Id.* at 15.

Comair replied that the existence of an agreement among the parties regarding confidentiality of depositions is shown by the numerous pleadings filed under seal. [DE 3572, pp. 5-6]. In addition, it relies on information received from the Clerk's office regarding the proper procedure for filing any documents under seal. *Id.* at 4. It blames the Plaintiffs for seeking to try the case "outside the confines of the courthouse." *Id.* at 7. Comair says "the Parties entered into an agreement in part to allow depositions to proceed and to avoid the lengthy delay that would result from the TSA reviewing each and every deposition transcript," a process that Comair asserts would take "months." *Id.* at 5. Finally, it claims the parties decided that settlement negotiations "took precedence over preparing and objecting to line-by-line designations of over 120 depositions taken in this case." *Id.* at 2.

## II.    ANALYSIS

### A.    Standard

In *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), the Supreme Court recognized a common law right to view court documents. *Nixon*, 435 U.S. at 597 ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). The right of access is not absolute, however. *Id.* at 598 (listing several exceptions).

In *Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165 (6th Cir. 1983), the court considered an agreement among the parties to seal FTC documents in the court record. It began the discussion with the following background:

> Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.

*Id.* at 1178. With respect to civil cases, the court said: "The resolution of private disputes frequently involves issues and remedies affecting third parties or the general public. The community catharsis, which can only occur if the public can watch and participate, is also necessary in civil cases." *Id.* at 1179.

The Sixth Circuit recognized certain content-based exceptions to the right of access, such as "certain privacy rights of participants or third parties, trade secrets and national security." *Id.* However, it was quick to point out that "[s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *Id.* The court quoted with approval from *Joy v. North*, 692 F.2d 880 (2d Cir. 1982):

> [A] naked conclusory statement that publication of the report will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal. The Report is no longer a private document. It is part of a court record. Since it is the basis for the adjudication, only the most compelling reasons can justify the total foreclosure of public and professional scrutiny. The potential harm asserted by the corporate defendants is in disclosure of poor management in the past. This is hardly a trade secret.

*Joy,* 692 F.2d at 894. To place the quoted material in context, the Sixth Circuit said:

> The Second Circuit was responding in the case above to the natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public. This desire, however, cannot be accommodated by courts without seriously undermining the tradition of an open judicial system. Indeed, common sense tells us that the greater the motivation a corporation has to shield its operations, the greater the public's need to know. In such cases, a court

7

> should not seal records unless public access would reveal legitimate trade secrets, a recognized exception to the right of public access to judicial records.

*Brown & Williamson*, 710 F.2d at 1180. Regarding the FTC documents, the Sixth Circuit held there was no trade secret issue; therefore, the district court order sealing the records was vacated. *Id.* at 1180-81.

### B. Comair's Motions to Seal Record

Comair's motion to seal the deposition excerpts and memorandum in support of Plaintiffs' motion for partial summary judgment [DE 3475] is not well taken. Comair has not identified for the Court a single "trade secret" or sensitive security information that is revealed in the memorandum or any of the deposition transcripts in issue. Additionally, more than a year ago, excerpts from several of the same depositions were filed in the record repeatedly without any objection whatsoever from Comair. See Damron Depo., DE 2345, 2608, 2641; Brian Emmett Depo., DE 1259, 2325, 2328, 2332, 2333, 2334, 2337, 2342, 2343, 2350; James Barnette Depo., DE 3155; Steve Briner Depo., DE 2314, 2316, 2324, 23225, 2328, 2332, 2333, 2334, 2337, 2342, 2343, 2350; Timothy Patrick Depo., DE 2314, 2316, 2325, 2328, 2332, 2333, 2334, 2337, 2342, 2343, 2345, 2350; and David Soaper Depo., DE 2314, 2325, 2326, 2328, 2332, 2333, 2334, 2337, 2342, 2343, 2350. Comair even cited the Damron and Patrick depositions itself in DE 2345.

The January 22, 2007 Protective Order was carefully drafted to protect the public's right of access to court records while providing an opportunity for protection of confidential information pursuant to Fed. R. Civ. P. 26. Documents and information could not be designated as confidential absent a good faith belief they "are legally entitled to protection from discovery and disclosure under Fed. R. Civ. P. 26(c) and applicable case law." [DE 285, ¶ 1.1]. Deposition transcripts were to be designated "by page and line number" within ten days after receipt of the transcript. *Id.*, ¶ 1.5. Once an objection was made to a designation, the parties were to confer, but if unable to resolve their differences, the designating party had twenty days to file a motion for a protective order. If

no protective order was sought, the designating party was deemed to have withdrawn its designation. *Id.* ¶ 2.

In the present case, Comair apparently failed to designate as confidential by line and page number any portions of any deposition transcripts within ten days of receipt of the transcript. Accordingly, Plaintiffs had nothing to which to object, and Comair had no basis for its assertion of confidentiality. The Protective Order did not delegate to Comair the sole authority to determine what was confidential. Instead, each party was required to act in good faith compliance with Rule 26(c) and applicable case law. Certainly, Comair could not have had a good faith belief that every line and every page of every single deposition was legally entitled to protection under Rule 26(c). The Court has been substantially burdened by all of the sealed documents filed in this case. The Court recognized the high caliber of counsel practicing this case, however, and thought that the parties knew what a trade secret was and were acting in good faith. It is now clear that was not the case with respect to the confidentiality of deposition transcripts.

Comair's reply argument that avoiding delay in settlement negotiations takes precedence over complying with the Protective Order must fail. The public right of access cannot be swept aside so casually. Also misplaced is the argument that TSA review would take too long. More than two years ago, a TSA attorney was to meet with counsel promptly to resolve any issues regarding sensitive security information. The Court said at that time it would consider proposals for a protective order if an agreement cannot be reached. [DE 352, p. 2]. Absent an amendment to the Protective Order, the parties were obligated to comply with its terms.

Plaintiffs also advised that "Comair has designated every document it has produced in this litigation as confidential, all roughly 190,000 pages of them." [DE 3556, n. 28]. Comair's claim of confidentiality for every document produced and, thereby, for every deposition transcript in which a witness is questioned about Comair's documents, likewise cannot be considered good faith compliance with the Protective Order. As the Plaintiffs' Steering Committee made clear in their July

9

1, 2008, motion to designate all of Comair's documents as "not-confidential," Comair's designation could not possibly be based on a good faith belief of entitlement to protection when documents such as press releases and documents publicly available online are included in the designation. [DE 3058]. At that time, the Plaintiffs argued appropriately that they should not be punished for Comair's over-designations by being burdened with making objections to every document. Although that motion was denied as moot when the August 4, 2008 trial was set aside, Comair made no effort in the past year to seek a protective order for any of its documents. The Plaintiffs here also should not be burdened by Comair's over-designation.

As the "primary representative of the public interest in the judicial process," this Court must be the decision-maker regarding sealing any portion of the record from public disclosure. *Citizens First National Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The Court is mindful that there may be a limited number of documents containing information that should be protected from public disclosure unless used as evidence at trial. The Court will consider a motion for protective order from Comair for any specific portions of specific documents that it believes in good faith are entitled to protection pursuant to Rule 26(c). It will also consider a motion "by line and page number" for portions of depositions that are entitled to protection under Rule 26(c). The burden is on Comair to show good cause for a protective order for each item. Conclusory statements will not suffice. *See Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements."). Evidentiary support is required. Moreover, "[s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *Brown & Williamson*, 710 F.2d at 1179.

The Court will allow the motion for protective order to be filed under seal to maintain the confidentiality of the designated documents, pending a ruling on the motion. Upon filing of the

motion for protective order, all other assertions of confidentiality by Comair shall be void unless specifically covered by a prior ruling of this Court. In light of the unnecessary burden already imposed on this Court and the parties by Comair's pattern of over-designation of confidentiality, Comair should not be surprised if sanctions follow any future attempt at over-designation.

### C.     Comair's Motion to Amend the Protective Order

Alternatively, Comair makes a cursory motion for a protective order to encompass all depositions or seeks to amend the Protective Order in that manner. Once again, Comair presents only conclusory, general statements by counsel that it would suffer some harm or that there may be some national security concern. Specificity is totally lacking. "[A] naked conclusory statement that publication of the Report will injure the bank in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal." *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982).

Comair claims "this Court has already acknowledged the merits of protecting ASAP reports from unfettered disclosure to the public at trial." [DE 3527, p. 13]. However, Magistrate Judge Todd said: "the protection given ASAP reports is limited, and simply precludes government agencies from publicly disclosing the information pursuant to FOIA requests. Disclosure in litigation was obviously contemplated, as the FAA agreed to produce the reports pursuant to a court order." *In re Air Crash at Lexington, Kentucky, August 27, 2006,* 2008 WL 170528 at *7 (E.D. Ky. 2008). *See also In re Air Crash at Lexington, Kentucky, August 27, 2006*, 545 F. Supp.2d 618, 621 (E.D. Ky. 2008) ("Moreover, the FAA considered the release of the information in litigation and responded by providing that disclosure would require only agreement or a court order."). Protection for these documents may not be assumed from the Court's prior opinions.

Finally, Comair concludes that "the public's interest in gaining access to the subject materials is minimal at best." To the contrary, the public interest in a plane crash that resulted in the deaths of forty-nine people is quite strong, as is the public interest in air safety. "The public has

11


an interest in ascertaining what evidence and records the ... Court [has] relied upon in reaching [its] decisions." *Brown & Williamson*, 710 F. 2d at 1181. "Since it is the basis for the adjudication, only the most compelling reasons can justify the total foreclosure of public and professional scrutiny." *Id.* at 1180, quoting *Joy*, 692 F.2d at 884. Accordingly, Comair's motion will be denied.

### III. CONCLUSION

**IT IS ORDERED**:

A. Comair's motion to seal documents filed with the Clerk [DE 3486] is **DENIED**;

B. Comair's motion to amend the January 22, 2007 Protective Order [DE 3527] is **DENIED**; and

C. The Court will consider a motion for protective order filed in accordance with this Opinion on or before **June 26, 2009**; any response shall be filed on or before **July 6, 2009**.

This June 16, 2009.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge