UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:

*Hebert, et al. v. Comair*, et al., No. 5:07-CV-320

## OPINION AND ORDER

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiffs' motion *in limine,* which primarily renews motions filed by the Plaintiffs' Steering Committee. Having been fully briefed, the motion is ripe for consideration.

**I.  BACKGROUND**

Plaintiffs filed sixteen separate requests to exclude evidence in its motion *in limine* [DE 3481], most of which were ruled on by this Court's Opinion and Order dated July 17, 2008. [DE 3134, DE 3501]. The following motions remain open for consideration:

  A.   Motion to exclude argument that future economic losses are "speculation" or "pure speculation" [DE 3481, ¶ 6];

  B.   Motion to exclude testimony by Dr. James Raddin that decedent's autopsy is somehow incomplete [DE 3481, ¶ 9];

  C.   Motion to exclude opinion testimony by the State Medical Examiner and pathologists in the areas of accident reconstruction, injury causation analysis, or biomechanics [DE 3481, ¶ 11];

  D.   Motion to exclude reference by Comair that it is not contesting compensatory damages [DE 3481, ¶ 15]; and

  E.   Motion to exclude reference to Jamie Hebert as Bryan Woodward's common law wife [DE 3481, ¶ 16].

II.  ANALYSIS

    A.  Plaintiffs' Motion to Exclude Argument That Future Economic Losses Are "Speculation" or "Pure Speculation"

In an Opinion and Order dated July 17, 2008, this Court said:

> The PSC has moved in limine to prohibit Comair from presenting any argument to the jury that the plaintiffs' future economic losses are mere speculation or pure speculation. As grounds for this motion, the PSC notes that the measure of damages in Kentucky for future economic losses is the destruction of the ability to earn money, which by definition, requires some degree of speculation about the future. The PSC observes that some elements of compensable damages do not lend themselves to exactitude and, by their very nature, are subject to some degree of uncertainty, as seen by the fact that one's future lost earnings is reflected in the loss of the capacity to labor and earn money. In short, the PSC submits that Comair should be restricted from arguing that future economic losses are speculative.
>
> In response, Comair argues that this motion in limine is misplaced, contrary to Kentucky law, and should be denied. As grounds for this argument, Comair points out that in *W.L. Harper v. Slusher*, 469 S.W.2d 955 (Ky. 1971), the court observed that many factors may be important in considering and determining the economic loss to an estate, such as the overall health of the decedent prior to death, the type of work the decedent engaged in prior to death, the wages earned by the decedent prior to death, as well has the decedent's ability to do other work. For these reasons, Comair submits that there should not be a wholesale granting of the PSC's motion in limine at this juncture and that it should be afforded the opportunity to refer to the PSC's assertions on a case-by-case basis at trial.
>
> Given the inherent nature of determining future economic loss to an estate in general, the court is not inclined to grant or deny on a wholesale basis the PSC's motion in limine concerning future economic losses, and the court will pass this motion to trial and consider same on a case-by-case basis.

[DE 3134, pp. 6-7].

Now, as the only passenger case left for trial, Plaintiffs Hebert renew the motion, claiming it would "be unfairly prejudicial to allow Comair to argue that future lost earnings are mere speculation or pure speculation under Fed. R. Evid. 403." [DE 3481, p. 6]. Unfortunately for Plaintiffs, some of the authorities on which they rely use these very terms to describe the expert testimony. "Although the parties stipulated as to decedent's life expectancy, appellant objected to Dr. Abner's basing his calculations on the assumption that her work-life expectancy would extend to age 65. Obviously this is **pure speculation** on the part of the witness." *Adams v. Davis*, 578

2

S.W.2d 899, 902 (Ky. Ct. App. 1979), emphasis added. *See also Humble v. Mountain State Const. Co.*, 441 F.2d 816, 820 (6th Cir. 1971) ("Kentucky decisions ... recognize with approval the possible speculative nature of death case verdicts.").

Comair responds that Kentucky law requires consideration of a number of factors in evaluating the destruction of the ability to earn money. In addition to recognizing the general speculative nature of estimates of the ability to earn money, Comair claims it should be able to challenge any expert testimony that fails to consider all the facts relevant to the issue in this case. [DE 3523, p. 2].

Plaintiffs' position is not supported by any authority and conflicts with Kentucky law recognizing the speculative nature of a determination of the power to earn money. *Adams*, 578 S.W.2d at 902 ("Under this rule, there is necessarily an element of speculation involved in determining the power to earn money...."). Comair is entitled to cross examine on that basis any expert opinion on the power to earn money.

**B.     Plaintiffs' Motion to Exclude Dr. James Raddins' Testimony that Woodward's Autopsy Was Somehow Incomplete**

Plaintiffs anticipate that Comair will offer testimony by Dr. James Raddin "to make it appear Bryan Woodward sustained more and greater traumatic injuries than what is actually recorded in the autopsy reports." DE 3481, p. 8. In particular, Plaintiffs object to Dr. Raddin's deposition testimony that additional "posterior neck dissections and things" would be required to "determine whether trauma, occult trauma, in the neck or other places could potentially cause death." *Id.* The basis for Plaintiffs' complaint is that "Dr. Raddin is not a pathologist, ... is not board certified in any medical specialty and has not practiced medicine since 1980." *Id.* Plaintiffs also claim there is "no evidence to suggest that the autopsy reports completed by the Kentucky State Medical Examiner were incomplete." *Id.* at 9.

Comair responds that Dr. Raddin's "primary purpose was to perform an injury causation analysis." [DE 2798, p. 4]. His education includes a degree in Aeronautics and Astronautics from

3

the Massachusetts Institute of Technology (MIT), a medical degree from the University of New Mexico School of Medicine, and a management degree from MIT. *Id.* at 3. He has experience in pathology and, particularly, pathology as applied to aviation accidents. He co-authored the latest training materials on impact analysis for the FAA's continuing medical education program. *Id.* at 4. He has been involved in engineering, medical and aerospace research for more than thirty years and has worked since 1988 as the Director and Principal Consultant for Biodynamic Research Corporation, where he has been involved in teaching, research and performing injury causation analysis. *Id.* at 4-5. To study the crash of Flight 5191, Dr. Raddin used an injury causation analysis technique that is relied upon by the FAA, NTSB and NASA. Comair claims that Dr. Raddin "is one of the leading authorities" on injury causation in an aviation accident. *Id.* at 5.

Comair says the testimony about which Plaintiffs complain involves Dr. Raddin's explanation of why his opinions regarding the trauma suffered by Woodward are not inconsistent with the autopsy reports. *Id.* at 7. While the autopsy reports identify the cause of death as "thermal injury," Dr. Raddin also considered the mechanical trauma likely to have been suffered by the passengers upon impact with the berm and impact with the tree. *Id.* at 6. Comair argues that Dr. Raddin's testimony will aid the jurors in understanding the different factors considered by an injury causation analyst when assessing the experience of the passengers and those considered by a medical examiner in determining the cause of death. For example, Comair says the medical examiner does not take x-rays, perform posterior neck dissections or otherwise determine whether other injuries may have rendered the passengers unconscious prior to death. *Id.* at 7. Comair concludes that Plaintiffs are confusing the credibility and accuracy of an expert opinion with its admissibility. It claims Plaintiffs arguments go to the weight of the expert testimony, not to its admissibility.

The Sixth Circuit summarized the standard for admissibility of expert testimony as follows:

> [A] proposed expert's opinion is admissible, at the discretion of the trial court, if the opinion satisfies three requirements. First, the witness must be qualified by "knowledge, skill, experience, training, or education." Fed.R.Evid. 701. Second, the testimony must be relevant, meaning that it "will assist the trier of fact to understand

4

the evidence or to determine a fact in issue." *Id.* Third, the testimony must be reliable. *Id.*

*In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 528-29 (6th Cir. 2008).

In the present case, Plaintiffs claim Dr. Raddin is not in a position to disagree with any information in the autopsy reports because he is not a pathologist. Dr. Raddin's deposition, however, shows he has had training in pathology, particularly as applied to aviation accidents. Raddin Depo., pp. 8-14. Dr. Raddin's approach in the formation of his opinions is injury causation analysis, an area in which he has considerable training and experience. Plaintiffs do not question his qualifications in that area. As the Court understands the proposed testimony, Dr. Raddin is not saying the autopsies were performed improperly; he is simply saying there are other factors to consider and other data to gather when the focus is injury causation analysis. Any weaknesses in Dr. Raddin's training in pathology or experience with autopsies can be fully developed through cross examination. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993). "[C]omparing two pieces of evidence and determining which is more credible should be left for the finder of fact and should not be considered when ruling on Rule 702 admissibility." *Jahn v. Equine Services, PSC*, 233 F.3d 382, 391 (6th Cir. 2000). The Court finds that Dr. Raddin's testimony is admissible.

    **C.    Plaintiffs' Motion to Exclude Opinion Testimony by the State Medical Examiner and Pathologists in the Areas of Accident Reconstruction, Injury Causation Analysis, or Biomechanics**

Plaintiffs seeks to prohibit the State Medical Examiner, Dr. Tracey Corey, and pathologists who were at the scene and performed autopsies on the victims, from expressing any opinion in the areas of accident reconstruction, injury causation analysis, or biomechanics on the ground that they have no expertise in these areas and, further, that they did not have the underlying scientific data or calculations necessary to render opinions on such matters. [DE 3481, pp. 10-11]. Plaintiffs do

5

not specify any particular qualifications these witnesses do not have, nor do they identify what scientific data or calculations were missing. Plaintiffs simply argue that the testimony of these witnesses "should be limited to the facts they observed and the autopsies they conducted." *Id.* at 11. Plaintiffs also note that they and Comair have retained experts and reports in these areas. *Id.*

Comair claims Plaintiffs' attempted "blanket exclusion" is overly broad and is inconsistent with the principles of *Daubert*. [DE 3523, p. 3]. Comair argues these individuals are highly qualified to offer testimony regarding "their examinations of the accident victims, physical injuries they observed on examination of the scene and the victim, and their opinion as to the cause of death and related factors," as these are the issues they address every day in their work. Comair further notes these individuals had the benefit of observing and examining the crash victims at the scene or shortly thereafter.

It is undisputed that the testimony of the State Medical Examiner and the pathologists is relevant to the issues to be tried. Rule 402 provides that "all relevant evidence is admissible." Plaintiffs have failed to demonstrate that these witnesses are not qualified by "knowledge, skill, experience, training, or education" to express their opinions. Rule 702. Plaintiffs have not identified any missing data that would render their methodologies unreliable or unreliably applied. As with Plaintiffs' motion regarding Dr. Raddin, the pathologists may have focused on different factors, but that is a subject for cross examination, rather than excluding evidence. To the extent Plaintiffs can demonstrate at trial that a particular pathologist lacks the requisite qualifications to express an expert opinion, the Court will consider a motion to limit testimony, but Plaintiffs' blanket motion will be denied at this time.

### D.     Plaintiffs' Motion to Exclude Any Admission by Comair of Liability for Compensatory Damages

Plaintiffs argue that Comair has variously admitted and denied liability throughout this case and that it should be precluded from invoking jury sympathy by any admission of liability for

compensatory damages at trial. [DE 3481, pp. 13-14]. Plaintiffs do not provide any authority under which such an admission by a party could be precluded.

In response, Comair argues that the choice of whether to admit liability belongs only to Comair, and it is entitled to determine its own trial strategy. Comair says it has the right to present evidence and arguments in an effort to mitigate any potential punitive damages. Such strategy might include admitting that the crew breached the applicable standard of care, but denying proximate cause, denying that Comair's conduct was negligent, and denying that the conduct of the crew warrants a punitive damage award. Comair argues that disallowing "such evidence would significantly prejudice Comair and hamstring its defense." [DE 3523, p. 7].

Plaintiffs contention that an admission of liability should be excluded as irrelevant is not well taken. At this point, liability is a very important issue at trial. Comair is entitled to admit all or any portion of liability or damages as part of its defense strategy. Plaintiffs' claim that a partial admission of liability would be unduly prejudicial is also without merit. Plaintiffs' motion must be denied.

### E.     Plaintiffs' Motion to Exclude Reference to Jamie Hebert as Bryan Woodward's Common Law Wife

Plaintiffs complain that some of Comair and Delta's records describe Jamie Hebert as Bryan Woodward's common law wife, yet in 2008 a Louisiana District Judge held that they were married in 2004 and were married on the date of the crash. Comair responds that Jamie Hebert's marital status lost its relevance once the Court denied her motion to amend her complaint. Comair "agrees not to present argument or evidence that Ms. Hebert was a common law spouse unless the Plaintiffs themselves make this an issue." DE 3523, p. 7]. Accordingly, Plaintiffs' motion will be granted.

### III.    CONCLUSION

    A.    Plaintiffs' motion to exclude references or argument that future economic losses are "speculation" or "pure speculation" [DE 3481 ¶ 6] is **DENIED**;

7

B.   Plaintiffs' motion to exclude Dr. James Raddins' testimony that Woodward's autopsy was somehow incomplete [DE 3481 ¶ 9] is **DENIED**;

C.   Plaintiffs' motion to exclude opinion testimony by the State Medical Examiner and pathologists in the areas of accident reconstruction, injury causation analysis, or biomechanics [DE 3481, ¶ 11] is **DENIED**;

D.   Plaintiffs' motion to exclude an admission by Comair that it is not contesting liability for compensatory damages [DE 3481, ¶ 15] is **DENIED**; and

E.   Plaintiffs' motion to exclude reference to Jamie Hebert as Bryan Woodward's common law wife [DE 3481, ¶ 16] is **GRANTED**.

This July 2, 2009.

Signed By:

*Karl S. Forester*   KSF

**United States Senior Judge**