UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

**CIVIL ACTION (MASTER FILE) NO. 5:06-CV-316 - KSF**

IN RE: AIR CRASH AT LEXINGTON, KENTUCKY, AUGUST 27, 2006

RELATING TO:

*Hebert, et al. v. Comair*, et al., No. 5:07-CV-320

**OPINION AND ORDER**

* * * * * * * * * *

This matter is before the Court on the motion of Plaintiffs for partial summary judgment against Comair, Inc. ("Comair") on the issues of negligence and causation [DE 3477].[1] Plaintiffs' motion is granted with respect to the negligence of the pilots in taking off from the wrong runway.

**I.    BACKGROUND**

Plaintiffs support their motion for partial summary judgment with a number of discovery responses and depositions in which Comair officers and experts acknowledge a breach of the duty of care by the pilots of Flight 5191. [DE 3477, pp. 6-8]. Comair says in its Response that "Comair has accepted responsibility for mistakes made by its crew on the day of the accident" and that "the Captain and First Officer of Comair Flight 5191 breached the applicable duty of care when they attempted to use Runway 26 for take off and departure at the Lexington Blue Grass Airport on August 27, 2006." [DE 3524, p. 3]. Comair admits that "this breach was one of numerous factors which contributed to the crash giving rise to this litigation" and that it "shares legal liability for claims for compensatory damages founded in wrongful death and survivorship," but it argues that

---

[1] Other issues in Plaintiffs' motion were addressed by separate orders.

proximate cause has not been shown. *Id.* at 4. Thus, the only issue before this Court is whether the negligence of the pilots proximately caused the crash.

## II. ANALYSIS

Comair acknowledges the summary judgment standard under Fed. R. Civ. P. 56 is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." [DE 3524, p. 2]. Comair further admits that it is "required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Id.* "In order to survive summary judgment, the nonmovant must meet the movant's motion with 'specific facts showing that there is a genuine issue for trial.'" *Martin v. Cincinnati Gas and Elec. Co.,* 561 F.3d 439, 443 (6th Cir. 2009) (citation omitted; quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "Hearsay evidence may not be considered on summary judgment." *Carter v. University of Toledo*, 349 F.3d 269, 274 (6th Cir. 2003), quoting *Jacklyn v. Schering Plough Healthcare Prods. Sales Corp.*, 175 F.3d 921, 927 (6th Cir. 1999).

The test for causation is that "the conduct must be a substantial factor in bringing about the harm." [DE 3477, p. 13; DE 3524, p. 6]. With respect to the duty of Comair, the parties do not dispute that "federal law establishes the standards of care in the field of aviation safety." [DE 3477, p. 11]; *Greene v. B.F. Goodrich Avionics Sys.,* 409 F.3d 784, 795 (6th Cir. 2005).

Comair admits that the pilots' breach of the applicable duty of care "was one of numerous factors which contributed to the crash giving rise to this litigation." [DE 3524, p. 4] It argues, however, that a reasonable jury could not conclude that Comair's conduct "is the sole cause of this accident." [DE 3524, p. 3]. Comair alleges other factors that may have contributed to the crash, such as inadequate signage on the taxiway and runway, the absence of certain details in the Notice To Airmen ("NOTAM"), the presence of only one air traffic controller when two were required, and similar claims. Some of these allegations are merely arguments, without factual support. Several

2

of the factual support documents are plainly hearsay, which this Court cannot consider in a summary judgment motion.[2]  *Carter*, 349 F.3d at 274.

More importantly, Comair misstates the Plaintiffs' burden.  Plaintiffs do not have to show that the pilots' negligence was the "sole" cause of the crash.  They need only show that it was "a substantial factor in causing the crash." *Deutsch v. Shein*, 597 S.W.2d 141, 145 (Ky. 1980).  "The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause...." *Id.* at 144 (quoting Restatement (Second) of Torts, § 431, Comment (a)).  The possibility that other factors that may also have contributed to the crash does not preclude the conclusion that the pilots' negligence was "a substantial factor" in producing the crash.

Once Comair acknowledged that the Flight 5191 pilots were negligent in attempting to take off from the wrong runway, a runway that was unquestionably too short for a safe takeoff, then reasonable minds cannot differ on the question of whether this negligence was a substantial factor in causing the plane to crash after it ran off the end of the runway. Comair has not presented any "specific facts showing that there is a genuine issue for trial." *Martin*, 561 F.3d at 443.  This conclusion is also supported by several cases.  In *Deutsch*, the court said:  "We believe that once the jury found Dr. Shein to have been negligent in not administering a pregnancy test to Mrs. Deutsch, reasonable minds cannot differ on the issue of whether this negligence was a substantial factor in causing harm to her, i.e., irradiation while she was carrying a fetus." *Id.* at 145.

In *Korean Air Lines Co., Ltd. v. State of Alaska*, 779 P.2d 333 (Alaska 1989), the jury found in favor of the pilots on the issue of causation, but the court granted judgment notwithstanding the verdict against the pilots.  The Korean Air Lines (KAL) crew taxied in heavy fog to what they believed was runway 32, but they actually were only two thousand four hundred feet from the end of runway 6L-24R.  *Id.* at 335.  When they attempted to take off, they crashed into a Southcentral

---

[2] *See* Exhibits 3, 4, 7, 13, 16, and 20.

3

Airways plane that was lined up for takeoff in the opposite direction. *Id.* The pilots did not cross-check the cockpit compasses against the runway heading before takeoff, did not advise the control tower of difficulty in locating the runway, and did not request a "follow-me" car to lead them to the correct runway. *Id.* The court vacated the jury verdict, holding that "fair-minded people exercising reasonable judgment could not differ in concluding that KAL's wilful misconduct was a legal cause of the crash." *Id.* at 337.

In *Gatenby v. Altoona Aviation Corp.*, the court granted judgment notwithstanding the verdict against the pilots where the plane crashed into a mountain. The court noted that by flying "the aircraft into an area where the ceiling was below 1000 feet and visibility was less than one mile, the pilot violated minimum weather requirements of the FAA pertaining to VFR flights." *Id.* at 447. It then held as a matter of law that the: "pilot's negligence in flying into an area where below minimum weather conditions existed, and his failure to either maintain any lookout, or his failure to act reasonably with regard to known weather hazards, were proximate causes of the accident." *Id.*

### III.     CONCLUSION

**IT IS ORDERED** that Plaintiffs' motion for partial summary judgment against Comair on the issues of negligence and causation [DE 3477] is **GRANTED**.

This December 17, 2009.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**